■ JUAN TREVINO, Appellant, v MORTON DAVIS et al., Respondents and Third-Party Plaintiffs. DAYTON METAL PRODUCTS, Third-Party Defendant-Respondent. [724 NYS2d 56] —Orders, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about March 13, 2000, March 29, 2000 and June 12, 2000, which, in an action for personal injuries, *inter alia*, denied plaintiff's motion to hold defendants and their attorneys in contempt and for a protective order against use of his medical records, directed plaintiff to provide defendants with medical authorizations, and denied plaintiff's motion to renew the denial of his motion for contempt and a protective order, unanimously affirmed, without costs.

As the IAS court held, defendants' attorneys did not compel plaintiff to disclose his health status at his deposition, or otherwise violate plaintiff's right under Public Health Law article 27-F to have his health status kept confidential. Plaintiff, who was represented by an attorney at his deposition, could have refused to answer any question that might have divulged such status, and thereby require defendants to put the issue before the court (*see*, Public Health Law § 2785 [2] [a]). Instead, he volunteered such status in response to a perfectly proper question concerning whether his inability to work was due to his "liver problems or some other medical condition." Since plaintiff's status was already in the record, plaintiff's motion for a protective order against use of his medical records was properly denied. We have considered and rejected plaintiff's other arguments. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.